**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-24967-BLOOM**

RONALD E. DAVIS-BEY,

      Plaintiff,

v.

JUDGE TERESA POOLER, *et al*.,

      Defendants.

_____/

**ORDER ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, MOTION**
**FOR WRIT OF HABEAS CORPUS, MOTION FOR APPOINTMENT OF COUNSEL,**
**AND DISMISSING CASE**

      **THIS CAUSE** is before the Court upon *pro se* Plaintiff Ronald E. Davis-Bey's

("Plaintiff") Complaint pursuant to 42 U.S.C. § 1983, ECF No. [1], Motion for Leave to Proceed

*in Forma Pauperis*, ECF No. [3] ("IFP Motion"), Motion for Writ of Habeas Corpus, ECF No. [4]

("Habeas Motion"), and Motion for Appointment of Counsel, ECF No. [6] ("Counsel Motion").

The Court has carefully considered the Motions, the record in this case, the applicable law, and is

otherwise fully advised. For the reasons that follow, this case must be dismissed, and the Motions

are denied as moot.

      **I.**      **PROCEEDING *IN FORMA PAUPERIS***

      Fundamental to our conception and system of justice is that the courthouse doors will not

be closed to persons based on their inability to pay a filing fee. Congress has provided that a court

"may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or

appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit

that includes a statement of all assets such [person] possesses that the person is unable to pay such

fees . . . ." 28 U.S.C. § 1915(a)(1). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

Here, because the Court determines that this case must be dismissed following screening as set forth below, the IFP Motion will be denied as moot.

## II.    SCREENING

Plaintiff is currently confined in a correctional institution. Because Plaintiff is a prisoner, and requesting to proceed *in forma pauperis*, his Complaint must be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. *Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007). The Court is required to examine and dismiss a complaint or any portion of a complaint if it "(i) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. If the Court determines that the complaint satisfies any of the enumerated circumstances, the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual

enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

In the Complaint, Plaintiff asserts claims under 42 U.S.C. section 1983 for violations of his First Amendment, Sixth Amendment, Eighth Amendment, and Fourteenth Amendment rights arising from his arrest and pretrial detention in state custody. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must plead that he was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and (3) that the alleged deprivation was committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001). In pertinent part, Plaintiff alleges that he was arrested in February of 2019 for armed robbery and battery. Plaintiff contends that, in conjunction with that arrest, John Doe #1 police officer fabricated the out of court identification, John Doe #2 chief prosecutor charged him in a racially selective and discriminatory manner, that Defendant Judge Teresa Pooler, the presiding judge, has illegally detained him based upon the allegedly defective information, and that John Doe #3 public defender has deprived Plaintiff of effective assistance of counsel. Plaintiff also asserts that various officials at TGK have denied Plaintiff

Case 1:20-cv-24967-BB   Document 7   Entered on FLSD Docket 12/16/2020   Page 4 of 9

Case No. 20-cv-24967-BLOOM

access to essential services, proper medical care, and the jail's grievance system, and complains

that proper measures regarding COVID-19 are not being observed or enforced at TGK. In addition,

Plaintiff asserts a claim for failure to train against the director and chief of the Miami Dade Police

Department in relation to his arrest.

Upon review, the Court determines that this case must be dismissed pursuant to abstention

principles, because Plaintiff seeks relief in part from individuals who are immune from such

claims, and for failure to state a claim.

## A. Abstention with respect to claims related to pending state case

Courts do not generally interfere with ongoing state court proceedings in which a plaintiff

is represented by an attorney. Review of the relevant records reveals that the charges for which

Plaintiff is in custody are still pending in the state court.[1] In the state court case (Miami-Dade

County Case Number F-19-007393), Plaintiff has been charged with armed robbery, a felony. No

trial has been held to date, and Plaintiff has not been convicted of the offense. In addition, Plaintiff

is represented by counsel.

"[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of

his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the

parallel state-court proceedings." *Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) (citation

omitted). "Since the beginning of this country's history, Congress has, subject to few exceptions,

manifested a desire to permit state courts to try state cases free from interference by federal court."

*Younger v. Harris*, 401 U.S. 37, 43, (1971). "Under the *Younger* doctrine, federal courts are

required to abstain if the state criminal prosecution commenced before any proceedings of

substance on the merits have taken place in federal court, or if the federal case is in an embryonic

---

[1] The Court takes judicial notice of the Miami-Dade County Circuit Court's online docket, which can be found at https://www2.miami-dadeclerk.com/. *See* Fed. R. Evid. 201.

4

stage and no contested matter has been decided." *Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766 (11th Cir. 2013) (internal quotations and citation omitted). "The *Younger* abstention doctrine is based on the premise that a pending state prosecution will provide the accused with a sufficient chance to vindicate his federal constitutional rights." *Id.* (citing *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.7 (11th Cir. 2004).

Under *Younger*, absent "extraordinary circumstances a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *See Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983). Principles of equity, comity and federalism warrant abstention in deference to ongoing state proceedings. "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)). Moreover, "[f]ederal courts have consistently recognized th[e] limitation on enjoining state criminal prosecutions unless one of a few narrow exceptions is met." *Hughes*, 377 F.3d at 1263. The exceptions to the *Younger* abstention doctrine are when: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id*. at 1263 n.6 (citing *Younger*, 401 U.S. at 45, 53-54).

Plaintiff has provided no sufficient reason for this court to overlook the principles of abstention. The specific challenges Plaintiff raises with respect to his state court case implicate important state interests, and he may present his constitutional claims through counsel in the state proceedings. Moreover, none of the exceptions to the application of *Younger* abstention applies.[2]

---

[2] In addition, to the extent that Plaintiff seeks to challenge the fact or duration of his confinement, he must do so by filing a proper petition for habeas corpus, not by way of a § 1983 claim. "[W]hen a state prisoner

## B.  Immunity

Plaintiff's Complaint is also subject to dismissal because the state actor defendants are immune from liability. *See Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995) ("A state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983, thus damages are unavailable.") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *see also Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (state prosecutors enjoy absolute immunity from section 1983 liability for damages for initiating a prosecution and presenting the state's case). Moreover, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.' " *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quoting *Bolin v. Story,* 225 F.3d 1234, 1239 (11th Cir. 2000)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*. Therefore, Plaintiff cannot assert a valid claim against Judge Pooler, the prosecutors or public defenders in this case.

## C.  Claims against TGK and police department officials

Plaintiff also fails to state claims against TGK and police department officials. It is well settled that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *Barr v. Gee,* 437 F. App'x 865, 875 (11th Cir. 2011) (quoting *West v. Tillman,* 496 F.3d 1321, 1328 (11th Cir. 2007)). A supervisor can only be held liable under § 1983 if he "personally participated in the allegedly

---

is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Pre-trial habeas petitions are properly presented pursuant to 28 U.S.C. § 2241, which applies to persons in custody, regardless of whether final judgment has been rendered. *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (citation omitted).

unconstitutional conduct or if there is a causal connection between [his] actions . . . and the alleged constitutional deprivation." *West,* 496 F.3d at 1328 (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003) (quotations omitted)).

To state a supervisory liability claim, the plaintiff must allege: (1) the personal involvement of the supervisor in the violation of the plaintiff's constitutional rights, (2) the existence of either a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts that support an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged constitutional deprivation that he then failed to correct. *See West*, 496 F.3d at 1328-29 (listing factors in context of summary judgment). However, a supervisor is not liable under § 1983 for mere negligence in the training or supervision of his employees. *Greason v. Kemp*, 891 F.2d 829, 836–37 (11th Cir. 1990). In this case, other than Plaintiff's conclusory allegations regarding the existence of a policy or custom of refusing access to the grievance process by pretrial detainees, and failure to properly train, there are no discernible factual allegations to substantiate such conclusions.

### D. Eighth Amendment medical-based claims

The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment that they receive while in prison. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). The Supreme Court has interpreted the Eighth Amendment to prohibit "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). To prevail on a claim of deliberate indifference to a serious medical need, a plaintiff must show: (1) a serious medical need; (2) a defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury. *See Mann v. Taser Int'l, Inc.,* 588 F.3d 1291,

1306-07 (11th Cir. 2009).

"[A] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1187 (1994) (citations omitted), *overruled in part on other grounds, Hope v. Pelzer,* 536 U.S. 730, 739 n.9 (2002); *Andujar v. Rodriguez,* 486 F.3d 1199, 1203 (11th Cir. 2007). "[T]he medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotation marks and citations omitted). To demonstrate that the Defendants were deliberately indifferent to Plaintiff's serious medical needs, Plaintiff has to allege (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence. *Melton v. Abston,* 841 F.3d 1207, 1223–24 (11th Cir. 2016) (citing *Bingham v. Thomas,* 654 F.3d 1171, 1176 (11th Cir. 2011) (per curiam).

Plaintiff contends that he was denied proper medical treatment for the flu and his mental health conditions, and that he is in danger because of COVID-19. His allegations, however, fall well short of stating a claim for violation of his Eighth Amendment rights. Negligence in diagnosing or treating a medical condition, including "an inadvertent failure to provide adequate medical care," does not state a valid claim for deliberate indifference. *See Estelle*, 429 U.S. at 105-06. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. *Id.* at 106. Allegations that raise only claims of mere negligence, neglect, or medical malpractice are insufficient to recover on a § 1983 claim merely because the patient is a prisoner. *Estelle*, 429 U.S. at 105-07. It must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986). Plaintiff's

8

allegations do not rise to this level and at most reflect his disagreement and dissatisfaction with

the care he is receiving while in custody, rather than plausibly alleging violations of his Eighth

Amendment rights.

### III.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Complaint, **ECF No. [1]**, is

**DISMISSED** for the reasons set forth in this Order. The IFP Motion, Habeas Motion, and Counsel

Motion, **ECF Nos. [3], [4], [6]**, are **DENIED AS MOOT**. The Clerk of Court is directed to

**CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 11, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Ronald E. Davis-Bey, *pro se*
200132346
Miami-Dade County-TGKCC
TGK Correctional Center
Inmate Mail/Parcels
7000 NW 41st Street
Miami, FL 33166